IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STEVEN BONILLA,<br><br>   Plaintiff.<br>_____/ | Nos. C 11-3052 CW (PR)<br>     C 11-3053 CW (PR)<br>     C 11-3054 CW (PR)<br><br>ORDER OF DISMISSAL;<br>TERMINATING ALL PENDING<br>MOTIONS |

   Plaintiff Steven Bonilla has been sentenced to death by the Superior Court of California for the County of Alameda.  He is incarcerated at San Quentin State Prison.  Although his State habeas case currently is being litigated, he filed a request for appointment of counsel for his future federal habeas litigation in this Court.  See Bonilla v. Ayers, No. C 08-0471 CW (PR).  Pursuant to Habeas Local Rule 2254-25, this Court granted his request for appointment of counsel and referred the matter to the Northern District's Selection Board for the recommendation of qualified counsel to represent Plaintiff in his federal habeas proceedings.  Additionally, pursuant to Habeas Local Rule 2254-24(a), the Court granted Plaintiff's concurrent request for a stay of execution.  (Docket no. 3.)

   Although Plaintiff's State habeas case is pending, Plaintiff has filed numerous pro se requests and motions in C 08-0471.  All of the requests and motions have been denied by this Court or withdrawn by Plaintiff.  In particular, on February 16, 2011, the Court issued an Order telling Plaintiff that no further filings regarding CR 88-259 MISC AJZ (Grand Jury proceedings) would be accepted by this Court.  (Docket no. 34.)  Additionally, the Court

dismissed with prejudice In re: Steven Wayne Bonilla, No. C 11-0441 CW (PR), a pro se complaint filed by Plaintiff regarding CR 88-259 MISC AJZ. (Id.) On March 29, 2011, the Court denied several more pro se motions filed by Plaintiff in C 08-0471. In doing so, the Court wrote:

> As this Court has stated multiple times, Petitioner's state habeas case is still pending in the state court. The Court reiterates to Petitioner that challenges to his state trial conviction must be reviewed by the state courts before being considered by the federal court. Until that time, Petitioner's various claims in his pro se pleadings are not ripe for this Court to consider.

(Docket no. 54 at 2:16-22.)

In the past month, Plaintiff has filed sixteen pro se civil rights actions under 42 U.S.C. § 1983. On June 13, 2011, the Court issued an Order dismissing thirteen of those actions for the reason that none of the allegations in Plaintiff's complaints stated a claim for relief under § 1983. After explaining to Plaintiff that challenges to the lawfulness of confinement or its duration can be addressed only by way of habeas corpus, the Court concluded as follows:

> Here, in an apparent attempt to circumvent this Court's prior admonition to Plaintiff that no further filings regarding CR 88-259 MISC AJZ would be accepted by the Court and that additional unripe pro se motions in C 08-0471 would be denied, Plaintiff has filed the instant civil rights complaints in which he seeks access to certain discovery, witness testimony, declarations and other information that he claims would render his death penalty conviction invalid, including information regarding CR 88-259 MISC AJZ. Because all of Plaintiff's civil rights complaints seek relief that must be pursued by way of habeas corpus, all of the instant civil rights actions are hereby DISMISSED without prejudice to Plaintiff's bringing his claims in a federal habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Plaintiff is reminded, however, that he must heed the Court's prior admonitions before filing additional pro se matters in C 08-0471.

<u>In re Steven Bonilla</u>, Nos. C 11-2612 <u>et seq.</u> CW (PR), Order of Dismissal at 2:28-3:15.

Subsequently, on June 16, 2011, the Court dismissed three more of Plaintiff's civil rights actions for the same reasons discussed in the Court's previous Order. <u>See</u> <u>In re Steven Bonilla</u>, Nos. C 11-2808 <u>et seq.</u> CW (PR), Order of Dismissal at 3:1-7.

Now pending before the Court are three new <u>pro se</u> civil rights actions filed by Plaintiff. As with Plaintiff's sixteen previous civil rights actions, these actions seek access to information that would render Plaintiff's death penalty conviction invalid. Accordingly, the actions are hereby DISMISSED without prejudice to Plaintiff's bringing his claims in a federal habeas petition. <u>See</u> <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995).

Additionally, because the Court has determined that none of the instant civil rights complaints can proceed as a civil rights action but, instead, must be dismissed, the Clerk of the Court is hereby DIRECTED to terminate, in each action, Plaintiff's pending motion to proceed <u>in forma</u> pauperis. <u>No filing fee is due.</u>

The Clerk of the Court shall enter judgment in each of the above civil rights actions, terminate all pending motions therein, and close the files. <u>The Clerk of the Court also shall file a copy of this Order in C 08-0471</u>.

IT IS SO ORDERED.

Dated: 6/29/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

STEVEN W BONILLA,

        Plaintiff,

  v.

JOHN WHITSON et al,

        Defendant.

Case Number: CV11-03052 CW
CV11-03053 CW
CV11-03054 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Wayne Bonilla J-48500
San Quentin State Prison
San Quentin, CA 94964

Dated: June 29, 2011

                                  Richard W. Wieking, Clerk
                                  By: Nikki Riley, Deputy Clerk